STARR,
concurring in part and dissenting in part:
Once again I find myself in accord with much of the court’s disposition and opinion. I agree fully that the bulk of Bruce’s various attacks on the White & Case fee award are patently without merit. But I cannot agree with the majority’s decision to remand Bruce’s allegation that White & Case violated 11 U.S.C. § 327(c) (1982). As the District Court observed, Bruce failed in the proceedings below to adduce any evidence that White & Case’s representation ran afoul of that section’s requirements. Moreover, the error in the District Court’s finding that White & Case did not represent Sleigh “in any manner since it became counsel to the debtor,” In re AOV Industries, 31 B.R. 1005, 1012 (D.D.C.1983 (foot *1015 note omitted)), provides no basis for overturning the trial court’s dispositive conclusion that White & Case did not represent Sleigh “in connection with the [bankruptcy] case,” 11 U.S.C. § 327(c).
On appeal, Bruce seeks belatedly to cure his undisputed failure of proof. In my view, however, it is inappropriate to reopen these lengthy proceedings on the basis of “new” evidence that Bruce could have presented when the record was still open if he had engaged in diligent discovery. This court should not carve out an exception to the general rule that an appellate court cannot receive new evidence from the parties, especially in the circumstances where, as here, the effect is to reward yet another in an endless stream of obstructionist tactics. I would affirm the District Court’s award outright.